The next case we're going to hear is the United States v. Keitt. Ms. Albrow, we'll hear from you. Thank you, Your Honor. May it please the Court. I'm Kimberly Albrow here for the appellant, Mr. Keitt. Is that how he pronounces it? That is my understanding from the trial attorney who handled his case. The two issues deal with two South Carolina statutes. One is the assault, beat and wound. An officer while resisting arrest, which I'm just going to refer to by Section 320 rather than the long acronym that is in the briefing. And the other South Carolina statute issue is the threatening a public official. I'll start with the Section 320. I think the Supreme Court has provided guidance in its Duenas-Alvarez case that the courts are to look to the state court cases on the issue. The issue is straightforward. We have to find out what South Carolina does with that, how they address assault and whether it's a crime of violence or not. That's correct. And I can tell you at the outset I've read about six or eight South Carolina cases and it's not totally clear to me. The government listed probably a page and a half of cases with the most egregious facts. No, I've read it. I'll tell you, just to cut through it and then you can address it. When they address assault and define it, they always use the word injury, violent injury. But then when they talk about assault and battery, they say it includes the possibility of spitting, which probably is not violent. Then when they talk about assault as distinct from assault and battery, they say they are different and they give them different definitions. They go back to the implication is that maybe assault has to offer a more serious violence than just a touching as a battery. In other words, if I started to approach you to kiss you on the cheek, that would not be an assault because it's not violent injury. When it comes to an actual battery, it includes any touching. These cases don't seem to all be totally consistent, but that is what I've found and you can now argue what we should do with that. I would start with the assault. I think assault has long been, back to the Davis case that I cited in the briefs, has long been found to not be violent in South Carolina because that, when they talk about assault in the Davis case, which is back, I believe, 1888, they talk about shaking a stick at someone or hitting a house where someone is inside is an assault. I don't think those things qualify as violent, but I think in this case, the specific conviction of Section 320 in Mr. Kitt's case, he spit on an officer. I know the government has argued extensively that battery isn't encompassed within this assault, beat, or wound, but I think even the definition of wound as put forth by the government in their definition, they say assault is defined as an unlawful attempt or offer to commit a violent injury upon the person of another coupled with the present ability to complete the attempt or offer by a battery. That's the definition. That would seem to suggest it's a crime of violence. Then they say it differs from assault and battery in that there is no touching of the victim. Therefore, it is clear that assault with intent to kill may not be punished as an assault and battery with intent to kill. They seem to be making a difference between assault and assault and battery, but that goes against the notion that assault is usually the offer to commit a battery, and a battery traditionally includes a touching. You can try to resolve this for me, but it looks, if you just take the definition, and this has been cited probably six, eight, ten times, this definition. Assault is defined as an unlawful attempt or offer to commit a violent injury upon the person of another. That would look like a crime of violence, but then they come back later and give examples in some cases, and they include spinning. I can't make heads or tails of it. That is something that I've heard repeatedly quoted from South Carolina law, but what I usually do not see quoted along with that, and this comes directly from one of the cases that states that. It's State v. LaCoste 553 SE 2D 464. That's an intermediate court case. I got that here, too. Okay. Well, in it, they explain that in regard to a violent injury, the adjective violent may be somewhat misleading, and they say violence is included, and then they do specifically say assault and battery. That includes a text, not a case, and there's some author in LaCoste, some author wrote, for example, assault and battery also doesn't find any touching of a person in an individual rude or angry manner without justification, but there the court's going back to the word assault and battery, and Mims, to which they all refer to, says there's a distinction between an assault and assault and battery, and tries to explain the difference, and I've tried to make little heads or tails of that, but again, even in LaCoste, they go back to the same thing, unlawful attempt to offer to commit a violent injury, and so... Right, but in that same case is when they cite that the term violent may be... Well, it says it might be somewhat leading, and they cite a text. I mean, it's in their intermediate case law. It's not a case from South Carolina. They go to Sims, but then you go to Sims, and it doesn't say that. Okay, well, I have Id, which refers back to the... And that's an intermediate court, and Sims, of course, is the Supreme Court. Right, but this court has said, and I believe it's in the Vann case, that if the intermediate court has made some ruling that the Supreme Court hasn't directly addressed, this court can consider it, unless they think the Supreme Court would... Let me ask you, in the Mims case, of course, 1985, the South Carolina Supreme Court has a case, 2000, the Sutton case, and it seems to equate, indicate that assault can alternatively be defined as an attempted battery, and once you get to attempted battery, that's pretty clear. That does not meet the Johnson type force, so it seems to me that that's the Supreme Court of South Carolina case. That seems clear-cut to me. That's either there or not. Well, I think assault is an attempted battery, notwithstanding the somewhat conflicting law in South Carolina. And if it is, that seems to me... I'm trying to understand if we're going to get back into the whole business of what's forced, what's not, but if it says it's alternatively defined, it says all jurisdictions do it. Basically, it's what this court said that they said. But they said, you know, South Carolina's attempted battery is alternatively a definition of the assault. So once you get there, then you cannot categorically constitute a crime of violence if it's an attempted battery. I would agree with that, and I think the court is probably aware. I mean, we've gone through all these other ideations of what's going on in different cases, but is that too simple, or is that not? I don't get it. Why doesn't that answer the question? Well, I think it does. Well, it's not quite complete in Sutton. Sutton says, an unlawful attempt or offer to commit a violent injury upon another person coupled with the present ability to complete the attempt or offer by a battery. And then it says, if the assault is if by words and conduct a person intentionally creates a reasonable apprehension of bodily harm, it is an assault. Now, that's the same case he's talking about. That's why I'm saying they're speaking out of both sides of their mouth. If you take the very logical and formulaic common law position, assault is usually an offer to commit a battery, and a battery is any touching, offensive touching or whatever. And that wouldn't satisfy Johnson, as Judge Wynn pointed out. But then they go on to explain it's an offer to commit a violent injury coupled with the present ability. And then they state later in the same opinion, citing to state versus an old case, if by words and conduct, a person intentionally creates a reasonable apprehension of bodily harm. Now, that would satisfy Johnson. So you tell me. Well, I would disagree that bodily harm necessarily satisfies Johnson because there are different degrees. And even in the Castleman case from the Supreme Court, they talk about... No degree under the definition that they have. The idea is that if it causes a risk of pain, a physical pain or bodily injury. Physical pain or bodily injury is the formulation. And Castleman says that it includes things to put in motion, like poisoning or pulling a bullet. For instance, when you pull the trigger on a bullet, there's nothing there that's touching anybody or offensive. But the bullet goes. Right. That's the indirect application of force. That's Castleman. It's not this case. But my point is the formulation the Supreme Court used is physical pain or injury. That's correct. And it's been further defined... The Supreme Court law now further defined it as a violent injury because of the context... That is the definition of violent injury. They are creating pain, ability to commit pain or injury. That's correct. That's what... I mean, my position on that is if you don't agree, it's up to you. It's your decision whether it is not violent in South Carolina. I don't know how anyone here could argue that battery isn't encompassed within the term wound or beat because Mr. Kitt was convicted of spitting on an officer. That's not the... We're not now using the categorical approach, which is to go to the elements. That South Carolina law defines it by. I think that in the terms of what you have to look at, which has been defined as you look to what the most innocent conduct and which conviction can result is... Based on the elements. Based on the elements. State law. Exactly. He was convicted of spitting on someone. So he had to satisfy the assault, beat or wound elements. How does a Hemingway case fit in here? Well, I think from the government's perspective, they've tried to tie assault, beat and wound to make assault more than it is or more than what Mr. Kitt believes it is under South Carolina law. I don't see that when you're looking at means... I mean, this court has said alternative means, they're irrelevant to the analysis. You have to look at the elements. So they're grouped together as one element with different means. And in Hemingway, there were violent and nonviolent means. And I believe that one... Because one of the means for Abhan is use of a deadly weapon. One is a disparity in age. And I don't think that because disparity in age is included with use of a weapon, you could alternatively say, well, that makes use of a weapon less violent. But Hemingway came out of South Carolina. That's correct. I was at that argument because I argued Montez Flores right after it. Well, does that help you or inform the case or is it irrelevant? How does it fit in here? Well, I think it's about the means. And I think it's helpful because... Helpful to you? Helpful to me because this is an assault, beat or wound case. And again, I mean, we did extensive briefing on it. I don't think assault is violent. But again, being convicted under the fact of spitting, which has to satisfy the elements of this assault, wound and beat statute. If you consider spitting on someone a battery, then I don't think that the argument that this offense doesn't encompass a battery can stand. And as far as the assault, I mean, I'm sure you're aware there's a split in our district over this. And Judge Curry wrote to about 15... You mean a split in the district with two different district judges disagree? Correct. And I think Judge Curry did a very thorough order in the Davis case and the Hampton case. And I think she explains a lot about the assault. We're supposed to be consistent with precedent. One panel can't overrule another. Correct. But the district court, I guess you have to settle this dispute between the two. And I think the assault... That's the reason I asked you about Hemingway. If it's precedent here, it settles. Correct. I would say that Hemingway is certainly a very similar case. I believe I addressed that in the reply read. There's one more issue, this threat to inflict harm or take the life of a public official. Given the position that the bodily injury that Judge Niemeyer set forth, maybe the bodily injury portion of the threatening statute, you will come out determining that is violent. But I think that there is no case. There are only about 11 cases on the Section 1040 statute. And all of them deal with the threatening the life of. They're usually when someone's getting arrested... Basically you're just saying you can't win that issue here. That issue on the 1040 is not one that you're going to prevail on. You don't think that, do you? I do think that if you meet a bright line rule where there is a case that says this has been committed in a nonviolent way, I cannot provide that to you. But what I can say is that the government and I have both agreed that this is a bodily harm as part of this statute. And the only guidance that I could find is what I put in the brief, which is how under the same title, Title 16, serious and moderate, great and moderate bodily injury is defined. And moderate bodily injury specifically excludes things like scratches, cuts, bruises. And again, I go back to Castleman because Castleman specifically pointed out that bruising is not the type of which cites some other examples that were not considered violent, like throwing a paper airplane and scratching someone. And I would assert that to inflict bodily harm is less than how South Carolina defines moderate bodily injury and probably includes those type of injuries. It's too close. You have to at least show some realistic probability of it happening. The courts have come out on that side. And when you're dealing with this particular one here, that's a very difficult thing because someone who's threatening a public official, that's a whole different arena. I understand that that's a difficult one. Would you like me to respond? I'm out of time. I think we'll do it together. Thank you very much. Alright, Mr. Lewis. May it please the court. Will Lewis on behalf of the United States. And just to go straight to Judge Niemeyer's question about assault in South Carolina, I want to be very clear in our position that simple assault or attempted battery while resisting arrest would not be punished under subsection B, which Mr. Kidd was convicted over under the statute. And that's because when we look at how South Carolina cases address assault and battery, when you have the battery there, you have this case law that talks about assault encompassing an attempted battery. We don't have that. The South Carolina General Assembly explicitly did not put battery in this. We have assault, beat, or wound. And were this court to find that simple or attempted battery while resisting arrest violated this statute, the beating or wound means. I think it's fair to say that beating or wound is something more than offensive touching. If we look at the definition of to beat or wound, repeatedly strike, result in a wound, that's something more than offensive touching. So if we take the defendant's argument that attempted battery violates this statute, then we would come to a result where if I complete the battery while resisting arrest through while resisting arrest, it would violate the statute. And that could not come as an illogical reading of the statute, which is why this court must read that assault in the context of the second two words, beat or wound. And this follows with actually the structure of the statute where we have a misdemeanor provision along with the felony provision because in South Carolina, simple assault and battery is a misdemeanor. We have a misdemeanor provision right here in this statute in subsection A where that would fall. We also have case law to support this. When you look at the body of case law addressing this statute, you have violent behavior being punished under it. And we uniquely have in the South Carolina Attorney General's opinion, delineating between the subsection A and B and the amount of force which would be required to punish under these statutes. If you look at the hypotheticals in that Attorney General's opinion, right before he gets to it, they cite to it. Again, it's a secondary source, if you will, but it talks about the delineation between use and non-use of force and how that's punished under the statute. Then it goes through various hypotheticals, including one where an individual puts his hands up, threatened of a simple battery, and they say that's properly charged under A. But in a situation where we're actually kicking, choking, or, excuse me, kicking or punching an officer, that's properly charged under subsection B. And I do want to address and be very clear about the defendant's argument regarding all Mr. Kitt did spit in this. Our intentions were in the categorical approach. We shouldn't look at the underlying conduct whatsoever. But to the extent that the defendant's opening up that door, if you go to the Joint Appendix, page 94, and we look at this incident that occurred in the December of that year, Mr. Kitt was convicted of three offenses from one incident. Threatening the life of a public official under the misdemeanor provision. And just to be clear, if you look at the second issue that we have in this, that statute is divided into a misdemeanor and a felony provision. The only distinction, whether it's a public official or a public employee, the threat provision is the same. He was also convicted of, I'm going to look, malicious injury to personal property involving the breaking of glasses of Officer Reinhart. So those are two facts of conviction. We know that Officer Reinhart's glasses didn't break by just Mr. Kitt spitting on them. More conduct happened on this. We also know that there was a threat on the life to commit bodily injury. So we have a threat that would satisfy a violent threat that occurred in this incident. That's if we got into the facts. If you did. If you did. And I don't think we should, but to the extent that the defendant's We can't, can we? No, you can't. But to the extent the defendant's... Oh, you're arguing them. I don't want to leave the court with a misimpression that all that happened on that incident. How do you distinguish this from the Hemingway case? Your Honor, Hemingway was the common law crime in South Carolina. Hemingway was the common law crime of assault and battery of a high and aggravated nature, which you all shorthand down there to call an abham. Yes. Right? Yes. And what do we say about the abham in South Carolina? You said that it was not violent, and that was because you committed... You said it was not violent under... that was under the armed career criminal law. That's correct, Your Honor. It does not apply here. The distinguishing fact that... So that offense is non-violent, not violent, whatever it seems... The term is different in the crime of violence for guidelines, but violent felon... That's right, under that statute. That's in this circuit. It looks to me like South Carolina says assault is different from assault and battery, and defines it differently. I just read from the case, I guess it's men who said that. And should we send this to South Carolina and find out whether they... Your Honor, I clerk on the South Carolina Supreme Court, and they're not the best at clearing stuff up, as you've seen by multiple opinions on this. But it would be helpful, honestly, in this. But how I would distinguish assault and battery of a high-intensity nature from this is we don't... Well, you have to, don't you? Absolutely. But you don't cite Hemingway in your brief? No, because I don't believe Hemingway's... So as far as you're concerned, Hemingway doesn't have anything to do with it? No, because... So we decided that this Airband law down there, a common law crime of assault and battery of a high and aggravated nature, was not in the... What's the term? Violent felony? Not a violent felony under armed career criminal law. The key distinguishing fact between that and... And that was a unanimous opinion that I was on, and Judge Shedd, and Judge Thacker, a few years back. Yes, Your Honor. But the distinguishing characteristic between Abhan and that common law crime... Maybe the Supreme Court, has the Supreme Court changed any rules on this that undercut what we look at? The South Carolina Supreme Court, Your Honor? No, the Supreme Court of the United States. The Supreme Court of the United States. I mean, they've had a lot of these decisions, too. Yes, Your Honor. I think we get outside of Abhan with the fact that battery is not punished. There is no assault and battery under the statute. We don't have an assault and battery. In Abhan, we had a common law assault and battery with an aggravating circumstance. Common law crime of assault and battery is what we called it. And the aggravating circumstance could be a disparity in age. That was the Abhan provision. We're not in that scenario here. We don't have the assault by itself, as Judge Niemeyer has pointed out. Is that sufficiently distinguishable then? Yes, Your Honor. Then that's what your position is. It's that your offense here is entirely distinguishable from this Abhan. And it had to be. It was so distinguishable you didn't even have to mention it. Yes, Your Honor. I think if it was assault, beat, or wound of a high and aggravated nature, then maybe Abhan, that case would be different. But we don't have assault and battery in this case. We have assault by itself in the context of two different means which elevate the level of force involved in it. Your Honors, I would point that in the cases that this court has looked at in examining assaults and other instances, this court has addressed Abwick and others, when a statute or a common law crime has elevated levels of force, whether it be through a mens rea or in this case different ways of physical contact, the assault in that crime will be elevated beyond a simple battery context, which is why Abwick can be an assault and battery attempt to kill, can be a violent crime. But we don't have that situation in Abhan, Your Honor. If there are no further questions on the first issue, I'll briefly turn to the second issue. This is the threat of force on a threat of bodily injury or death on a public place in South Carolina. Your Honors, we believe that's to be pretty clear, that that statute punishes the threat to kill. You've got a pretty strong case on that from what I can see, but maybe you can tell me why you don't. Excuse me, Your Honor? You've got a pretty strong case on that, but maybe you can go ahead and tell me why you don't. Your Honor, on that note, if there's no questions on that. I'm just speaking for me. I don't want to speak for Judge Newton. All right. Anything else? No, Your Honor. Is Al wrong? No. Can I get to this question? And I'll let you respond to anything else. But Judge King raised the Hemingway case. And the Hemingway case, of course, found assault and battery of a high and aggravated nature not to be a crime of violence.  What do you make of the South Carolina Supreme Court statement that assault is distinct from assault and battery, and they define them differently? I think that, as even Mr. Lewis acknowledged, sometimes the South Carolina court is very clear in their opinions. And even the government's position is that how can the threat to do harm or inflict this injury on a person be violent while the assault and battery is not violent, or vice versa? Well, the explanation would be this. I would think, and it's a pretty obvious one, is that since assault does not involve touching but is just an offer, the offer has to be of a more serious nature in order to punish it. Whereas with a battery, if you actually do the battery, now you just rest on the fact that there's a battery and the assault is inherent in the battery, and it includes touching. But every time they define assault, and I was just looking at another Supreme Court case in Magee, the crime of assault has long been defined as the unlawful attempt to offer to commit a violent injury on the person of another, coupled with the present ability to complete the attempt or offer by battery. While words alone do not constitute assault, if by words and conduct it potentially creates a reasonable apprehension of bodily harm, it is an assault. And so when they go to tie assault and battery, then they focus on the battery part, which allows spitting and nonviolent things to occur. And I think in that case we would be right under Hemingway. But I'm having trouble with the language in Sims where they said they are different and define them differently in Mims. I still think the assault, I mean if you go back all the way, it's under common law. I've gone all the way back to 1804 in these cases. Right, well the 1888 case Davis that I cite, I think gives the examples where assault isn't violent. But again, I'll go back to the, you know, we have more than a realistic probability that this crime can be committed nonviolently. Mr. Kitt was actually convicted of spitting on an officer. But you're talking about the non-categorical approach. Yeah, you're just talking about facts. You're going somewhere else. No, it's not the categorical. He brings out the facts. If you go under the facts, he says the guy's glasses were broken, he threatened to kill him and all these other things. There's all kinds of bad facts here. No, the guideline of Duane... If you get that non-categorical approach, you lose. Well, it's not the non-categorical approach. This is not looking to... It's the underlying facts. This isn't looking at whether or not this is a crime of violence. This is the Duane S. Alvarez where they tell you to review the cases to see what conduct can actually, what's the most innocent conduct that results in a conviction. This isn't for the categorical approach to determine whether it's a violent felony or a crime of violence. This is just looking at what conduct has resulted in the conviction. Just a minute. Most innocent conduct has to be defined by an element. We're focusing on elements of the crime, and we're looking at how the Supreme Court or the Court of Appeals in South Carolina defines assault. Now, taking assault out of the government makes a big deal about... Assault is not to be looked at independently. You look at it in two contexts. One, beaten wound, or A and B, where A is more innocent conduct and may give you refuge, but B doesn't. That's a harder case to make, but the problem I'm having is if we're going to look at what the Supreme Court says, and that's our direction, it's confusing. I think it's confusing. Well, I think that assault, beaten wound is the element, and or is it disjunctive. So I think it's separate. That's a good argument. That's a good argument. So we just take this assault part. We take you where you are. Then the question then is, is assault different from assault and battery? If it is, Hemingway can be distinguished. If it isn't, Hemingway is controlling. And again, I think if you look at the definition of wound, it's akin to battery. I'm looking just at assault part. But it's separate, but nonetheless. If you're comparing. This has to be materially different than Hemingway for the government to win. Well, correct, and what I tried to explain is that. If Hemingway controls, you win. The spinning part, which Carthorne has said, isn't a violent act. That's the act. And how is that not a battery? That's my point. Where do you find a case where they define assault to include spitting? I found a case where they found assault and battery to include spitting. You're making my point for me, I believe, Judge Niemeyer, because my client was convicted of Section 320 because he spit on an officer. Therefore, by necessity, he had to have met the elements of that crime. You can't make that argument because that violates a categorical approach. And if you're going to look at the facts of the case, then you're going to have to take all the facts. And the government tried to lay out some of those other facts, which Judge King properly asked him, well, why are you getting into it? And his response was simply because you're getting into it. Well, I would just refer to what the PSR says about what happened in this offense. The indictment said he spit on an officer. All right. Thank you.
judges: Paul V. Niemeyer, Robert B. King, James A. Wynn Jr.